## HANDY *against* DOBBIN.

*Bank bills or money, and every thing belonging to the debtor, of a tangible nature, except choses in action, and articles expressly exempted by statute, may be taken in execution.*

*And any property of the debtor which may be taken by execution, may be seized by an attachment under the act relative to absconding debtors.*

IN ERROR, on *certiorari*, from a justice's court. *Dobbin* sued out of the justice's court an attachment, under the 23d section of the twenty-five-dollar act, (1. R. L. 398.) against the goods and chattels of *Handy*; due proof having been given that he had absconded. The constable returned that he had attached two five-dollar bank bills of the goods of *Handy*. The justice gave judgment for the plaintiff below. The only error relied on was, that these bills were not liable to be attached.

SPENCER, J., delivered the opinion of the court. There can be no doubt that the constable, under the attachment, could take any goods and chattels, which could be levied on by execution. The authority in both cases is the same. *Bank bills* are treated, *civiliter*, as money; a tender in them is good, unless it be specially objected to at the time. The question then is narrowed to this, can money be levied on by an execution? This court, in *Williams* v. *Rodgers*, (5 Johns. Rep. 167.) intimated strongly their concurrence in the decision of the Supreme Court of the United States on this point. In that case, (1 *Cranch*, 133.) all the cases on the point were reviewed, and it was held that money could be levied on. We now fully concur in the doctrine there advanced; we perceive no objection in principle, why money should not be taken in execution. It is the goods and chattels of the party; and it appears to us to comport with good policy as well as justice, to subject every thing of a tangible nature, excepting such things as the humanity of the law preserves to a debtor, and mere *choses in action*, to the satisfaction of the debtor's debts.

Judgment affirmed.