*312 OPINION ofthe Comí, by
Judge Owsley
Morris sued out from a justice of the peace a warrant for a *313 forcible entry and detainer against Beauchamp, and upon an inquest being had Beauchamp was found guilty of the, farce as stated in the warrant. A traverse was then filed by Beauchamp, and the cause being brought to the circuit court an issue was made up by Morris, and on the trial of the issue that court, at the instance of Morris, instructed the jury that although no evidence might be produced by him, yet unless Beauchamp proved himself not gailty, they ought to find him guilty of the forcible entry and detainer complained of.
The force is the fubje& of inquiry, and title papers can be introduced •nly to explain the extent of the poileifion, but not to Jbrai thc right qí pof* fellion.
Whether, therefore, that court erred in the instructions given to the jury, is the first question presented for the determination of this court.
In the consideration of this question We have been Unable to find any authority calculated in any satisfactory degree to elucidate the subject. But considering it on principle, we are inclined to the Opinion the instructions ought not to have been given. We suppose the legislature, by allowing the party to bring the cause before the circuit court by traverse, must have designed the trial should be had in that court uninfluenced by the inquest, and subject to those rules which are applicable to the trial of issues in ordinary cases : and if so, as Morris clearly held the affirmative of the issue, a verdict should not have been found for him without the production of evidence on his port.
If then we aye correct in supposing the instructions to be erroneous, the irregularity cannot be cured by the further suggestion upon the record of what evidence was thereafter produced: for as the jury may have been influenced by those instructions in finding their verdict, to avoid an injury which might otherwise accrue to Beauchamp, the verdict and judgment against him should not be permitted to stand.
It appears also from the record that Beauchamp was precluded by the court from introducing as evidence to the jury a patent under winch he claimed title to the land. Whether the patent ought to have been received, as the cause must be reversed on the preceding ground, is a question not material in the present case; but as a similar question may again occur on the return of the cause to the court below, it may be proper to observe, that in a proceeding under the statute against forcible entries, the right of entry is not properly the subj ect of inquiry, but Whether there was a forcible entry upon the possession *314 inflict of another» or a forcible detainer where the pos. session has been obtained lawfully. Notwithstanding» however, evidence of right is inadmissible for the purpose of justifying a forcible entry, the production of title papers may, under peculiar circumstances, be proper for the purpose of ascertaining the extent of possession.
The judgment must be reversed with costs, and the cause remandad to the court below for new proceedings not inconsistent with this opinion.