## CHESHIRE, MAY TERM, 1824.

~~~

### P. M. EVERETT, adm'r. vs. PHINEHAS READ.

*A.*, a little time before his death, being deeply in debt, gave up to *B.*, a note of hand, which he held against *B.*, to be cancelled without payment. After *A's* death, his estate was represented as insolvent; and it was held, that an action might be maintained, in the name of his administrator, for the benefit of his creditors, upon the note.

THIS was an action of assumpsit upon a note of hand, dated July 15, 1815, for $525, made by *Read*, and payable to *Amasa Scott*, the plaintiff's intestate, on demand, with interest.

The cause was tried here, at October term, 1823, upon the general issue; when it appeared in evidence, that the intestate, just before his death, gave up the note mentioned in the declaration, to the defendant, to be cancelled. The plaintiff offered to prove, that the said intestate was, at the time he so gave up the note, and at the time of his death, insolvent; that the note was given up without payment; and that this suit was prosecuted by the creditors of the intestate.

The court rejected the testimony, and a verdict was taken, by consent, for the defendant; subject to the opinion of the court, upon the admissibility of the said testimony.

*L. Chamberlain*, for the plaintiff.

*J. Parker & Chapman*, for the defendant.

RICHARDSON, C. J. By the common law, and the statutes of 13 *Eliz. cap.* 5, and 27 *Eliz. cap.* 4, which have been adopted here as part of our common law, every disposition of a man's estate, not made *bona fide*, and for a valuable consideration, is absolutely void with respect to his creditors. *Cowper* 434.—*Rob. on Fraud. Con.* 1, note, 596 *and* 595.—1 *Ventris* 257.—*Moor* 396, *Watson's case.*—3 *Coke* 80, *Twyne's case.*—*Moor* 638, *S. C.*—5 *Coke* 60, *Gooch's case.* And creditors, in pursuing the remedies which the law gives them, to obtain satisfaction of their debts, may treat every such disposition as a mere nullity.

In *Bethel vs. Stanhope*, (*Croke Eliz.* 810,) which was a *scire facias* against *Stanhope*, as executor of *Francis Vaughan*, upon a judgment against the testator, the defendant pleaded, that

he had no assets.   But it was found, that the testator,  being possessed of divers goods, made a gift of them to his daughter, with intent to defraud his creditors ;  but they  remained in his possession till his death, and then came to the hands  of the executor ;  and afterwards the daughter took them away. —It was held, that the gift was void ;  that the daughter  was a trespasser, in taking the goods ;  and that they  were  assets in the hands of the executor.

In *Edwards vs. Harben*, (2 *D. & E.* 587,) where a vendee, after the death of  the vendor, took possession of goods which he had fraudulently purchased, it was held, that  the  vendee was liable, as executor *de son tort.*   The  same  doctrine is recognized in the case of  *Hawes vs. Loader*, *Yelv.* 196.—*Cro. James* 270.

In *Drinkwater vs. Drinkwater*, (4 *Mass. Rep.* 354,) it was held, that an administrator, having obtained license to sell the real estate of his intestate, for the payment  of debts, might sell land, which the intestate had fraudulently conveyed.

In *Martin vs. Root et al.* (17 *Mass Rep.* 222,) the case was, that *Simon Larned* conveyed to *Root et a.*  a farm, and at  the same time furnished them with the means to remove  certain incumbrances upon it :  the object  of  the transaction was to keep the farm out of the reach of *Larned's* creditors.   *Root et a.* gave *Larned* a  note for $5072,43 ;  and *Larned*, at the same time, gave a promise in writing, that the note  should never be collected.   *Larned* died insolvent ;  and his administrator brought an  action  on the note, and  recovered : the court being of opinion, that the agreement that the note should not be collected, was void, in respect to creditors.

This last case is directly in point ;  and  we have no doubt, that any disposition of property, with intent to defraud  creditors, must be deemed altogether void, as respects  creditors, in whatever shape the creditors may  choose to question its validity.   The only way, in which the creditors can  try  the question of fraud in this instance, seems to be in a suit, in the name of the  administrator.

*New trial granted.*