### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR

## THE COUNTY OF COOS, NOVEMBER TERM,

### A. D. 1827.

BENJAMIN F. SPENCER *versus* JOSHUA BLAIS-DELL.

Bank bills may be attached by virtue of a writ and may be seized and sold upon an execution.

ASSUMPSIT. The first count alleged that the defendant, on the 19th March, 1826, in consideration that the plaintiff would deliver to him $70, promised to return the same on demand.

The second count was, for that said Benjamin on the 19th May, 1826, being in the custody of the said Joshua, a deputy of the sheriff, on a charge of forgery, and having in his possession and belonging to him the sum of $70, it was agreed on the part of the defendant that if the plaintiff would deliver him said sum, the defendant would return it in case the plaintiff should be acquitted of said alleged offence. And it was averred that said Benjamin was afterwards acquitted.

There were also counts for money had and received, and for money lent and advanced.

The cause was tried here at November term, 1826, upon the general issue, when it appeared in evidence, that the plaintiff having been arrested by the defendant,

Spencer
*v.*
Blaisdell.

a deputy sheriff, on the 21st March, 1826, on a charge of forgery, his pockets were searched and seventy dollars in bank bills found, which bills the defendant took and told the plaintiff that if he should be cleared, the money should be returned.

It also appeared that the plaintiff was the son of one Benjamin Spencer, and was at the time the defendant received the money as aforesaid, an infant, under the age of twenty years. Benjamin Spencer, the father, being suspected to be guilty of the forgery for which the plaintiff was arrested, absconded, and the account which the plaintiff gave of the mode in which he obtained the said sum of seventy dollars was, that his father told him before he left home, that he was going away ; that he, the plaintiff, might take a yoke of oxen and some young stock and sell them ; and that the plaintiff might collect the money due on certain notes belonging to said Benjamin, the father ; and with the money thus raised take care of the children of the said Benjamin, the father, until he could send for them, and if any thing remained, the plaintiff might have it ; and that he received seventy or eighty dollars for his father's oxen and cows which he sold after his father went away.

It also appeared that on the 28th of December, 1825, the plaintiff carried to the Grafton Bank a forged promissory note, on which he received the sum of $494,75, which he immediately afterwards paid over to his father.

On the 20th March, 1826, the bills which the defendant received from the plaintiff as aforesaid, were attached as the property of the said Benjamin Spencer, the father, upon a writ in favor of the said Bank against the father.

A verdict was taken for the defendant subject to the opinion of the court upon the foregoing case.

*Sheafe,* for the plaintiff contended, that although the property which was sold by the plaintiff to raise the money, belonged to the elder Spencer, yet still the money belonged to the plaintiff, he being accountable for it

Spencer
*v.*
Blaisdell.

to his father. And if the money can be considered as the property of the father, still the plaintiff has such an interest as to enable him to maintain this action.

*Bell*, for the defendant.

*By the court.* If this plaintiff must be considered as the mere servant of his father in the sale of the cattle, it is very questionable, whether this action can be supported. 1 Chitty's Pl. 5 ; 1 N. H. Rep. 292 ; 1 H. Bl. 84.

But we are inclined to think that the case shows a sufficient interest in the plaintiff to enable him to maintain the action. Whatever remained after the children were supported until the father should send for them was given to the plaintiff, who had not only the possession of the money, but an interest in it. And it seems to us that the plaintiff is entitled to recover unless the defence which is interposed shall be found to be a good answer to the action.

This defence is, that the bills which the defendant took from the plaintiff, have, since he received them, and before the commencement of this action, been attached as the property of Benjamin Spencer, the father.

We entertain no doubt that between this plaintiff and the creditors of Benjamin Spencer, the property in these bills must be considered as in Benjamin Spencer, the father. The money was raised by a sale of his property and was to be applied to the support of his family. The plaintiff was an agent of his father, and the gift of the surplus to the plaintiff by the father was as against creditors altogether void. 3 N. H. Rep. 55, *Everett* v. *Reed.*

It only remains to enquire whether bank bills can be legally attached.

It is well settled that mere choses in action are not capable of being seized and sold upon execution. 7 Mass. Rep. 438, *The Maine Fire and M. Insurance Company* v. *Weekes* ; 9 Johns. 96, *Denton* v. *Livingston* ; 1 Cowen 240, *Ingalls* v. *Lord* ; 17 Johns. 351, *Bogert* v. *Perry* ; 4 Johns. 41 ; 9 Mass. Rep. 537, *Perry* v. *Coates.*

And it has been made a question, whether money could be seized upon execution. 9 East, 48, *Knight* v. *Briddle* ; 4 East, 510, *Fieldhouse* v. *Croft* ; 1 Pick. 271, *Knowlton* v. *Bartlett.*

But the better opinion seems to be that money may be seized upon an execution. 1 Cranch, 133 ; 12 Johns. 220 ; 5 ditto 167 ; 12 ditto 395, *Holmes* v. *Nuncoster.*

And bank bills are treated as money. 12 Johns. 220, *Handy* v. *Dobbin* ; 12 ditto 395 ; 1 Burr. 457 ; 3 D. & E. 554, *Wright* v. *Reed* ; 7 Johns. 470, *Warren* v. *Mains* ; 13 East, 20 ; *Pickard* v. *Banks* ; 1 Niel Gow 121, *Saunders* v. *Graham.*

It is very clear that whatever may be seized and sold on execution may be attached and we are of opinion that there must be

*Judgment on the verdict.*