RENNER (RINGGOLD v.). See Case No. 11,849.

RENNIE (PATON v.). See Case No. 10,799.

---

## Case No. 11,700a.

### RENO v. WILSON.

[Hempst. 91.] [1]

Circuit Court, D. Arkansas. July, 1830.

EXECUTION—LEVY ON MONEY—IN HANDS OF SHERIFF.

1. Money in the hands of a sheriff cannot be levied on, nor applied to an execution against the plaintiff.

2. It may be seized on execution in the hands of the party, and need not be sold, but may be placed as a payment on execution.

3. Money in the hands of an officer can only be reached by the interposition of the court.

[This was an action at law by Charles S. Reno against James Wilson, sheriff.]

Before JOHNSON, BATES, and ESKRIDGE, JJ.

BATES, J. This is a motion against a sheriff for refusing to pay over money received by him on execution. The defence set up is, that he applied the money to an execution in his hands against the plaintiff. The court cannot admit the validity of this defence. Money in the possession of a party is subject to levy. 2 Show. 166; Dalton, 145. But the contrary is true where it is in the hands of an officer, for then it is in custodia legis. This principle is fully warranted by the decision of the supreme court of the United States in Turner v. Fendall, 1 Cranch [5 U. S.] 117,—a case parallel in all the material circumstances to that at bar. 3 Croke, 166, 176; 1 Doug. 219; Barnes, Notes Cas. 214; 4 Bibb, 312. Judgment for plaintiff.

NOTE. Money in the possession of the defendant, may be seized on execution. This is now well settled, whatever doubts may have formerly existed to the contrary. Handy v. Dobbin, 12 Johns. 220; Holmes v. Wuncaster, 12 Johns. 395; Doyle v. Sleeper, 1 Dana, 535; Dolby v. Mullins, 3 Humph. 437; Gwynne, Sher. 222; Dalt. Sher. 145; Rex v. Webb, 2 Show. 166; 2 Tidd. 917. The money need not be sold, but may be placed as payment on the execution. Sheldon v. Root, 16 Pick. 567; Brooks v. Thompson, 1 Root. 216.
Money in the hands of the sheriff, collected on execution, and not paid over to the creditor, cannot be attached or seized on execution against such creditor. Gwynne, Sher. 224; Stieber v. Hoye [Case No. 13,441]; Williams v. Rogers, 5 Johns. 163; Prentiss v. Bliss, 4

[1] [Reported by Samuel H. Hempstead, Esq.]

Vt. 513; Overton v. Hill. 1 Murph. 47; First v. Miller. 4 Bibb. 311; Dawson v. Holcomb. 1 Ohio, 275; Thompson v. Brown, 17 Pick. 462; Dubois v. Dubois, 6 Cow. 497; Allen, Sher. 162; Wilder v. Bailey, 3 Mass. 289; Pollard v. Ross, 5 Mass. 319. But undoubtedly it would be competent for a court of chancery to appropriate the fund on the judgment of the creditor, upon showing that the debtor had no property subject to execution, or was insolvent. or was about to defraud the creditor. Egberts v. Pemberton, 7 Johns. Ch. 208; Candler v. Pettit, 1 Paige, 169. In the last case Chancellor Walworth said: "The cases of Hadden v. Spader, in the court of errors of this state, 20 Johns. 554, and Taylor v. Jones, 2 Atk. 600, and Edgell v. Haywood, 3 Atk. 352, in the English court of chancery, show that after a party has proceeded to judgment and execution at law, he may, by the aid of a court of equity, reach property in the hands of a third person. which was not in itself liable to execution." Williams v. Rogers, 5 Johns. 168. And this appropriation seems to have been made in many cases in a summary manner on motion. in the court where the execution was returnable. Thus in Armistead v. Philpot, 1 Doug. 231, it appearing that the plaintiff could not find sufficient effects of the defendant to satisfy his judgment, the court on motion ordered the sheriff to retain for the use of the plaintiff money which he had levied in another action at the suit of the defendant. having first discharged the bill of the attorney. Turner v. Fendall, 1 Cranch [5 U. S.] 117; Ball v. Ryers. 3 Caines. 84; Van Nest v. Yeomans. 1 Wend. 87; Ward v. Storey. 18 Johns. 120; Allen. Sher. 162. But the rights of the parties must be clear; because where conflicting claims on the fund exist, a court of chancery has more means and can procure more light in adjusting them. and can do full justice (Williams v. Rogers, 5 Johns. 167) between all parties in interest, while a court at law would fail to attain that desirable object in a complicated case. In two cases in the king's bench (Fieldhouse v. Croft, 4 East, 510. and Knight v. Criddle. 9 East, 48) the court refused to interfere; but these decisions were based on the principle that money could not be taken on execution; and the assumption that it could. Lord Ellenborough declared, was "an innovation on the law which ought not to be admitted." The same doctrine seems to have been adopted by the court of common pleas in Willows v. Ball, 2 Bos. & P. (N. R.) 376. And the supreme court of New York, in Williams v. Rogers. above cited. refer to these cases with approbation. and seem inclined to adopt the rule therein stated; but it is added. "the court do not say that they will never interfere when the equity of the case can be accurately discerned." 3 Caines. 84. note a; Saunders v. Bridges, 3 Barn. & Ald. 95.

The quaint reason given in the old cases. why the sheriff could not take money on execution, even though found in the defendant's scrutoire, was that it could not be sold. This reason is not a good one, and in Turner v. Fendall, above cited. Chief Justice Marshall laid down the true rule as follows: "The reason of a sale is that money only will satisfy the execution, and if any thing else be taken, it must be turned into money; but surely, that the means of converting the thing into money need not be used. can be no adequate reason for refusing to take the very article, to produce which is the sole object of the execution." 1 Doug. 230. And in Handy v. Dobbin. 12 Johns. 220 (which may be considered as overruling Williams v. Rogers, 5 Johns. 167, as far as that may question the right to levy on money), it was said that there was no objection in principle, why money should not be taken in execution; that it was the goods and chattels of the party. and that it comported with good policy as well as justice, to subject every thing of a tangible nature to the satisfaction of a debtor's debts, except such things as

the humanity of the law preserved to a debtor. and mere choses in action. In Arkansas. and probably in other states. it is provided by statute, that any current gold and silver coin which may be seized on execution, shall be returned as so much money, collected. without exposing the same to sale. Digest St. Ark. p. 498. § 25.

On principle and authority, the following positions would seem to be clear: (1) That money in the possession of the defendant, or a third person other than the officer. may be seized on execution and returned without sale as so much money collected. (2) That money collected by an officer on execution cannot be levied on nor attached while it remains in his hands. nor appropriated by him on an execution against the person for whom the money was collected. (3) That where there are conflicting claims. and the rights of parties are doubtful. a court of equity is the proper tribunal to enable a creditor, by a proceeding in the nature of a creditors' bill, to reach the money so collected, and subject it to his claim, or otherwise adjust the equities of the respective parties. (4) That although a court of law will not generally interfere in a summary manner where the case is complicated and the right doubtful, yet when these obstacles do not intervene. and justice will be promoted thereby. such money may be appropriated at law under the direction of the court to which the execution is returnable. on a summary motion for that purpose, first giving reasonable notice to the party interested, to enable him to show cause against it, as that he has paid the debt, or that the appropriation ought not to be made.