BURGESS *v.* ATKINS and Another.

BURGESS
v.
ATKINS.

The joint share of one partner in the partnership property, may be taken under a domestic attachment for his individual debt.

Although the common stock of a firm be taken on an attachment against one of its members as his property, still the undivided interest of the defendant in the property may be sold under the attachment.

ERROR to the *Tippecanoe* Circuit Court.

DEWEY, J.—*Burgess* caused two writs of domestic attachment to be issued by a justice of the peace against the property of one *Fraley,* on which various articles of merchandize were taken as belonging to him. *J. & J. Atkins,* partners, filed a claim to all the property so attached, and a trial of the right thereto was had before a justice of the peace. The case was appealed. In the Circuit Court, the verdict and judgment were for the claimants. On the trial, *Burgess* offered evidence that *Fraley* was a partner of the claimants, and as such was entitled to an undivided interest with them in the attached goods; the Court rejected the testimony, assigning as the reason for so doing, that the constable who served the writs had returned, that he seized all the property as belonging to *Fraley,* and not that he had attached only his joint share therein.

In considering whether this decision be right or wrong, the first inquiry is, Has a creditor the privilege of laying a domestic attachment on the partnership effects of his absconding debtor?

The law regulating foreign attachment expressly confers the right to take such effects of a non-resident debtor. R. S. 1838, p. 80. The statute respecting domestic attachment is more general; it authorizes the seizure by that mode, under writs issuing from justices of the peace, of the " goods, chattels, rights, credits, moneys, or effects" of the debtor, which may be found in the bailiwick of the officer serving the process. R. S. 1838, p. 72. This provision, we think, embraces all the personal property of the debtor, whether held in severalty, or jointly with others. And this construction is favoured by the enactments of the law regulating trials of the right of property, which was in force when the writs of

VOL. V.—43

May Term,
1840.

BURGESS
v.
ATKINS.

attachment in this case were issued. That statute, after pre-scribing the mode of claiming and trying the right of property taken on execution, and providing that no claim, made by a partner of his individual interest in the property levied on, shall prevent the sale of the undivided share of the execution defendant, enacts, that personal property taken by virtue of foreign or domestic attachment may be claimed; and that the proceedings thereon shall be governed by the provisions respecting the trial of the right to property taken in execu-tion. Laws of 1834, p. 198. The statute of 1838, which took effect after the property in question in this suit was attached, contains similar provisions. R. S. 1838, p. 492. Our opinion therefore is, that the joint share of one partner in the common stock may be taken by domestic attachment for his individual debt.

The next inquiry is, Can the creditor hold the undivided interest of his debtor in the joint property of a firm, though he cause the whole common stock to be attached as the pro-perty of the attachment defendant? We perceive no good reason why he should not do so. Instances may often occur, in which the goods of several owners may seem to belong to an individual, and in which any well meaning and prudent man would seize upon the whole to secure a debt due from the apparent proprietor. Should he happen to make a mistake in this particular, *that* is surely no cause why he should lose his remedy to the extent of the real interest of his debtor. Such a seizure would not impair the rights of the other joint owners; and it ought not to be interposed to screen the pro-perty of the debtor from the just claims of his creditor. Besides, the statute respecting the trial of the right of pro-perty contemplates cases in which the claimant may succeed as to part only of the property claimed. Laws of 1834, p. 196.—R. S. 1838, p. 491. The general rule of law is, that in levying an execution against one partner for his separate debt, the officer may take possession of all the joint property of the firm in order to inventory and appraise it; he has no authority to divide it; but he can only sell the joint interest of the debtor whatever it may be, and the purchaser will stand in the place of the debtor, and hold the same interest in the joint concern which he held. Wats. on Part. 192, 3.—

*Heydon* v. *Heydon*, 1 Salk. 392.—*Jacky* v. *Butler*, 2 Ld. Raym. 871.—*Fox* v. *Hanbury*, Cowp. 449. This rule, we apprehend, is applicable to proceedings under our attachment laws when the joint property of a partner is seized for his private debt.

The Circuit Court erred in rejecting the evidence that *Fraley* was a partner of the claimants, and jointly interested in the property attached.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the appearance of the parties set aside, with costs. Cause remanded, &c.

*J. Pettit*, for the plaintiff.

*W. M. Jenners*, *A. S. White*, and *R. A. Lockwood*, for the defendants.