## GOLL a. HINTON.

*Supreme Court, First District; General Term, November,* 1858.

### ATTACHMENT.—PARTNERSHIP PROPERTY.

Upon an attachment against the property of one of several co-partners, the sheriff may seize the leviable property of the co-partnership, take it into possession, and sell the defendants' interest in so much thereof as necessary.

The cases of Stoutenburgh a. Vandenburgh (7 *How. Pr. R.*, 229), and Sears a. Gearn (7 *Ib.*, 383), overruled.

An attachment in so far as it relates to chattels, differs in nowise from an execution as to the rights and duties of the officer in levying it.

Appeal from an order directing a return of partnership property taken on attachment against an individual partner.

The facts are stated in the opinion.

BY THE COURT.*—DAVIES, P. J.—In this case an attachment

---

* Present, DAVIES, P. J., and CLERKE and INGRAHAM, JJ.

was issued against the defendant Hinton, a non-resident debtor, by virtue of which the sheriff of the city and county of New York levied upon and took the goods of the firm of Hinton & Peale, composed of the defendant Hinton, and one William S. Peale. On the application of the defendant Peale, the justice at special term ordered the goods to be restored to the said Peale, holding that upon an attachment against one of several partners, the co-partnership property cannot be taken by the sheriff.

Section 232 of the Code requires that the sheriff to whom the warrant of attachment is issued, shall proceed thereon in all respects in the manner required by law, in the cases of attachment against absent debtors. He is to keep the property seized by him to answer any judgments which may be obtained in the action.

By section 237 it is provided, that in case judgment be obtained, after applying the proceeds of the sales of perishable property if any, and the debts collected, if any balance shall remain, and an execution shall have been issued on such judgment, he shall proceed to sell under execution so much of the attached property as may be necessary to satisfy the balance, if enough for that purpose shall remain in his hands.

The object of the attachment is to seize in advance of judgment the property of the debtor, and to hold the same for sale on execution in the event of judgment being recovered, and execution issued. It would seem, therefore, that no reason could be suggested, why any property subject to seizure and sale on execution could not be taken on attachment, to be held for the same purpose. If liable to the final process, no reason is suggested why it should not be to the preliminary one, which is only resorted to, to keep the property within the jurisdiction of the State to answer the final process.

It is now well settled in this State, that on an execution against one of several co-partners for his individual debt, the sheriff may seize the entire leviable property of the co-partnership, and sell as much of the interest of the judgment debtor therein as may be sufficient to satisfy the execution. To do this he may take manual possession of the co-partnership property, and on sale deliver it to the purchaser, who succeeds to all rights, and no more, of the partner whose interest has been sold. (Scrughan a. Car-

ter, 12 *Wend.*, 127; Phillips *a.* Cook, 24 *Ib.*, 389; Waddell *a.* Cook, 2 *Hill*, 47, *note a.*)

An attachment, in as far as it relates to or affects chattels, differs in nowise from an execution, as to the rights and duties of the officer as to the seizing and taking property. (Hergman *a.* Dettleback, 11 *How. Pr. R.*, 46; Brigett *a.* Atkins, 5 *Black.*, 337; Shaver *a.* White, 6 *Munf.*, 110; Mersereau *a.* Norton, 15 *Johns.*, 179.) *Drake on Attachments* (§ 237), says: "The first general proposition in reference to what interests in, and descriptions of, personal property may be attached is, that the whole office of an attachment is to secure and hold property until, at the termination of the suit, it can be subjected to execution; any property which cannot be sold under execution cannot be attached, and of course the correlative follows, that whatever may be sold under execution may be attached," citing for the latter proposition, Hendy *a.* Dobbin, 12 *Johns.*, 220; Spencer *a.* Blaisdell, *New Hamp.*, 198.

In the case of Mersereau *a.* Norton, cited *supra*. The court say, that the only question raised on the return in that case is, whether a sheriff under an attachment against an absent debtor, has a right to take and sell property of which the absconding debtor was only a tenant in common, when the property is found in the possession of the other co-tenants. Of this there can be no doubt, and this case is cited with approbation by Justice Carr, in Phillips *a.* Cook, which was a case of partnership.

In support of the views entertained by the respondents, we are referred to two authorities, and the first is Stoutenburgh *a.* Vandenburgh (7 *How. Pr. R.*, 229). The learned justice in that case, in giving his opinion, says: "But the statute does not authorize the joint property of several defendants to be seized upon an attachment against one of them." He cites no authorities for this position, and we think it is in hostility with the previous decisions in this State. The other case referred to is that of Sears *a.* Gearn (*Ib.*, 383), decided by the same justice. In his opinion he refers to the case of Stoutenburgh *a.* Vandenburgh, and relies for authority upon the case of Smith (16 *Johns.*, 102). It is true that in this case the court held, that upon an attachment against one partner, the partnership property cannot be taken, and the reason given was, that when an execution is issued

for the separate debt of one partner, it has been the continual practice to take the share which such partner has in the partnership property, and that the sheriff does not seize the partnership effects himself, for the other partner has a right to retain them for the payment of the partnership debts. The court also say, they have considered an attachment under the absent-debtor act as analogous to an execution.

But we have seen that the rules laid down here in reference to what the sheriff may do, under and by the virtue of an execution against the partner, have been overthrown in this State since the decision in Scrughan *a.* Carter (12 *Wend.*), and that this case cannot be regarded as authority for the rule laid down in Sears *a.* Gearn.

The learned judge, in delivering his opinion in this case, could not have had his attention called to the subsequent cases, fixing the rights and duties of the sheriff on an execution against the partner.

We think, therefore, that in this State the analogy holds between attachments and executions, and that whatever property the sheriff may take under the latter process, he may seize and take under the former.

The order appealed from is therefore reversed, with costs.