### Willis, et al. v. Whayne.

(Decided February 9, 1911.)

## Appeal from McLean Circuit Court.

1. Forcible Detainer—Possession—Actions.—Where a party claiming possession to a well defined and marked boundary, leases a tract of land to a tenant and puts him in possession, and the tenant enters and begins to clear the land, such possession is sufficient to support an action for forcible detainer, by the landlord against one who, having no possession intrudes upon the possession of the tenant, whether forcibly or with his consent, and refuses to surrender the premises on the termination of the lease. If he enters with the tenant's consent he secures no greater right than the tenant has and must surrender the premises when the lease expires. If he forcibly enters upon the possession of the tenant, an action of forcible detainer is authorized by sub-section 4, section 452, Civil Code.

2. Deeds—Evidence—Mistake in Deed.—In such an action deeds can be introduced for the purpose of showing extent of possession, but not the right of possession. For that reason a mistake in a deed can not be shown.

MILTON CLARK for appellants.

JOE H. MILLER for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

This is a forcible detainer proceeding brought by appellee, D. M. Whayne, against appellants, Henry Willis and J. S. Willis, to recover posession of a tract of about fifty acres of land. The action was first tried before the county judge, who held that appellants were guilty of forcible detainer. On traverse to the circuit court, the same judgment was entered. From that judgment this appeal is prosecuted.

Many years ago, one Ezekiel Fleming owned a large body of land in McLean county, lying on the waters of Cypress creek. On September 24th, 1879, Fleming conveyed to S. H. Brown, who is referred to in the record as Hale Brown, one hundred acres of this land, by deed, giving the courses and distances of the land. On July 1st, 1881, Fleming executed to Brown another deed for the same tract of land, for the purpose of correcting mistakes in the former deed. Subsequently, Ezekiel Fleming died, and an action was brought for the purpose of selling the remainder of his land to pay his debts. In the year 1884 a large tract of land owned by the decedent was sold, and appellee and his brother, W. I. Whayne, became the purchasers thereof. In the year 1908 the land was divided between them, appellee taking that portion involved in this controversy.

According to the evidence, neither appellee's deed nor that of appellant, Henry Willis, covers the land in controversy. Upon the hearing of the case, the court made the following finding of law and facts:

"I find from the evidence that in 1903, the plaintiff, D. M. Whayne, and his brother, W. I. Whayne, leased to the defendant, J. S. Willis, a tract of land containing 50 acres, which was situated and lying in front of the double log house on the Fleming place, and lying between the Greenville road and what was formerly known as the Hale Brown farm and the land of R. C. Bryant, which was then in the woods and uninclosed by fence, and he, since 1884, has been exercising ownership over all the land, and cutting timber off of it, and claiming same to well-marked boundary, and when leased to the defendant, J. S. Willis, he, J. S. Willis, began cutting timber on the land and clearing it, and he cleared part of the land while acting under his lease contract down to the land of R. C. Bryant, and I further find that by consent of defendant, J. S. Willis, defendant Henry Willis entered upon the tract of land which J. S. Willis had leased from plaintiff, and he began to clear certain parts of the land leased by plaintiff to J. S. Willis, and at the expiration of the term of lease, defendant Henry Willis was in possession by the consent of defendant J. S. Willis of a large part of the 50 acres which had been leased by J. S. Willis from plaintiff, and when J. S. Willis vacated possession he left defendant Henry Willis in possession, and Henry Willis refuses to surrender possession of a large part of the tract to plaintiff. From these findings of fact I conclude

that defendants are guilty of the forcible detainer entry and detainer complained of in the warrant, and a writ of restitution may issue.''

It is earnestly insisted on this appeal, that there was no evidence of possession on the part of appellee, nor was there any evidence tending to show that appellant Henry Willis entered upon the tract in controversy by consent of his brother, J. S. Willis. The testimony for appellee is to the effect that when he rented the fifty acres of land to J. S. Willis, he pointed out to him the land in front of the double log house on the Fleming land and lying between the Calhoun and Greenville roads and the farm known as the Hale Brown farm. When appellee purchased the Fleming land, he and Hale Brown agreed that the line as claimed by appellee to be the dividing line should be the dividing line, and it was marked as such. It was this dividing line that he pointed out as one of the boundaries of the fifty-acre tract leased to J. S. Willis. Willis' lease was not to expire until the year 1910. J. S. Willis entered upon the land and began to cut timber thereon, and actually cleared a part of the land in controversy. At that time neither Henry Willis nor his vendor had possession. Later on, Henry Willis ran a wire fence around a portion of the land, and subsequently ran another wire fence, so as to include more land. His purpose in doing this was to get the number of acres called for by his deed. Furthermore, appellant Henry Willis afterwards rented fifteen acres of the land, which his brother, J. S. Willis, had leased, to a man by the name of Whoberry. This land, however, is not involved in this controversy. While there is no direct proof of the fact that J. S. Willis, by express words, consented to his brother's fencing in a portion of the leased premises, it does not appear that he took any steps to prevent his brother from entering upon the land; indeed, he seems to have acquiesced in the arrangement, and we think his consent may be implied from the circumstances.

We are also of the opinion that, when appellee leased to J. S. Willis the fifty acres in controversy, and pointed out the Hale Brown line as one of the lines of the fifty acres, and put J. S. Willis in possession, and J. S. Willis began clearing the land, he was in possession of the whole fifty acres up to the Hale Brown line, as claimed by appellee. There was no one else in possession at that time. Appellant Henry Willis did not purchase until after J. S. Willis had been put in possession. When Henry

Willis built the two wire fences, he intruded himself upon the possession of his brother, J. S. Willis, who had possession by virtue of the lease executed to him by appellee and his brother. Such possession on the part of J. S. Willis was sufficient, we think, to support an action of forcible detainer against his brother, Henry Willis, and appellee had the same right to maintain a similar proceeding upon the termination of the lease and the failure and refusal of J. S. Willis and Henry Willis to surrender the land.

If, as a matter of fact, J. S. Willis consented to Henry Willis' taking possession of a part of the leased premises, Henry Willis held under J. S. Willis, and upon the termination of the tenancy it was his duty to surrender the leased premises. If, however, he forcibly took possession of a part of the leased premises, then this action by appellee is authorized by subsection 4, of section 452, Civil Code of Practice, which is as follows:

"A forcible detainer is:

"The refusal of a person who has made a forcible entry upon the possession of a tenant for a term to deliver possession to the landlord, upon demand, after the term expired; and, if the term expires whilst a writ of forcible entry sued out by the tenant is pending, the landlord may, at his cost and for his benefit, prosecute it in the name of the tenant."

Upon the whole case, we see no reason to disturb the trial court's finding of facts, or the principles of law upon which he based his conclusions.

It is earnestly insisted by counsel for appellant, that the calls of the last deed made by Fleming to Hale Brown show that a mistake was made; and that this is further evidenced by the fact that his deed calls for one hundred acres of land, whereas he now has only sixty-two and a half acres. This fact might have some bearing upon the right of possession, but deeds, in a proceeding of this kind, can not be introduced for the purpose of showing the right of possession, but only the extent of possession. (Beauchamp v. Morris, 4 Bibb, 312.) Manifestly, therefore, the court could not enter into the question of whether or not there was a mistake in the deed. In an action involving the title to the land in controversy, that question might be properly presented.

Appellants complain, too, that this is simply a proceeding to recover land by forcible detainer, instead of an action in ejectment or an action to quiet title. This,

however, is not true. The only question concluded by the judgment in this case is the question of possession. The right to the land may yet be determined by proper action.

Judgment affirmed.